T.C. Summary Opinion 2004-138

UNITED STATES TAX COURT

ZOILO A. URENA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18427-03S.          Filed October 7, 2004.

Zoilo A. Urena, pro se.

<u>Patricia Riegger</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $824 for the taxable year 2002.

After concessions by both parties,[1] the issues remaining for decision are: (1) Whether petitioner's filing status for the taxable year 2002 is married filing separately as determined in the notice of deficiency, or single as claimed on petitioner's Form 1040, U.S. Individual Income Tax Return; and (2) whether petitioner is entitled to an earned income tax credit in the amount of $2,506 for the taxable year 2002.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Brooklyn, New York, on the date the petition was filed in this case. Petitioner appeared in Court with an interpreter because his understanding of the English language was limited.

Background

In 1995, petitioner married Brenda Rodriguez (Ms. Rodriguez) in New York, New York. Petitioner and Ms. Rodriguez were divorced in 1998. Petitioner had no children from this marriage.

Petitioner's daughter, Gabriella Urena (Gabriella), was born in 1996. Maria Hernandez (Ms. Hernandez), petitioner's friend,

---

[1]Among the concessions, respondent conceded that petitioner was entitled to claim Gabriella as a dependant for 2002 and that he was entitled to a child tax credit for 2002 in the amount of $208.

is the mother of Gabriella.  Gabriella turned 6 years old during the year in issue.  There is no support arrangement between petitioner and Ms. Hernandez as to their daughter.  During 2002, Gabriella attended first grade at Forest Elementary School in Queens, New York.

During 2002, petitioner earned income as an independent taxi driver in the amount of $13,379.  Petitioner reported this income on Schedule C, Profit or Loss From Business.

Discussion

A taxpayer generally bears the burden of proving the Commissioner's determinations in a notice of deficiency to be in error.  Rule 142(a).  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner.  Sec. 7491(a)(1); Rule 142(a)(2).  Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted.'"  Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H. Conf. Rept. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

Filing Status

The first issue for decision is whether petitioner's filing status for the taxable year 2002 is married filing separately as

determined in the notice of deficiency, or single as claimed on petitioner's Form 1040.[2]

Petitioner testified that he obtained a divorce from his first wife, Ms. Rodriguez, in 1998. Petitioner also testified that he never married Ms. Hernandez, Gabriella's mother, and that he was single during the year in issue. This Court finds petitioner's testimony on this issue to be credible. There is nothing in the record to indicate that petitioner was married during the year in issue.

Respondent claims that his determination in the notice of deficiency is based on petitioner's 2001 tax return. However, as discussed above, such contention is unsupported by any evidence. Neither petitioner's 2001 nor his 2002 Federal income tax return was offered into evidence to support respondent's contention. Upon the basis of the record, this Court finds that petitioner's credibility has not been impeached by any evidence offered by

_____

[2]In the notice of deficiency, respondent determined that petitioner's filing status was married filing separately and computed the deficiency accordingly. Respondent contends that petitioner did not dispute this adjustment in his petition to this Court. Therefore, respondent contends that such adjustment should be sustained.

Although petitioner did not raise the issue in his petition to this Court, we interpret his testimony as to call such issue into question. The Court does not find that a consideration of petitioner's filing status as an issue in this case would result in prejudice to respondent. Respondent, before trial, was aware of petitioner's contention as to his filing status in the taxable year 2002. Accordingly, the issue of petitioner's filing status during the year in issue will be considered.

respondent.  Therefore, this Court finds that petitioner's filing status in 2002 was single as claimed by petitioner on Form 1040.

Earned Income Tax Credit

The final issue for decision is whether petitioner is entitled to an earned income tax credit in the amount of $2,506 for the taxable year 2002.

The relevant parts of section 32 provide that an individual is eligible for the earned income tax credit if the individual has a qualifying child.  A "qualifying child" is a son or daughter of the taxpayer who has not attained the age of 19 at the end of the taxable year and shares the same principal place of abode in the United States with the taxpayer for more than one-half of the taxable year.  Sec. 32(c)(3).

Respondent has conceded that Gabriella is petitioner's daughter, and that she is under the age of 19.  Therefore, two of the three elements required have been satisfied if Gabriella is to be considered a qualifying child for earned income tax credit purposes.  However, respondent contends that petitioner has not shown that Gabriella had the same principal place of abode as he did for more than half of 2002 in order for him to claim an earned income tax credit as a single person with a qualifying child.

Petitioner testified that during the year in issue Gabriella lived with him and his brother, Robert Urena, at 1927 Bleeker

Street, Queens, New York. Petitioner never signed a lease for his occupancy at this apartment. Petitioner also did not introduce any evidence such as utility bills for the above residence. Petitioner further explained that during 2002 Ms. Hernandez lived at 233 South Fourth Street, Brooklyn, New York. Petitioner testified that Ms. Hernandez would periodically visit him and Gabriella at his residence on Bleeker Street.

However, respondent called a paralegal specialist in the Office of Chief Counsel to testify. This witness testified that on a prior occasion petitioner stated that he lived with Ms. Hernandez, Gabriella, and Ms. Hernandez's other child.

Petitioner testified that he and Gabriella moved to 155 South Fourth Street, Apartment 15, Brooklyn, New York, later in the year of 2002 or early 2003, but that he did not notify Gabriella's school of this move because he wanted to keep her in the school to which she had grown accustomed.

Petitioner testified that, during 2002, he drove Gabriella to school at about 8 a.m. in the morning, then worked as an independent taxi driver throughout the day. Gabriella attended an after-school program until 5:35 p.m., when she was then picked up by petitioner. Petitioner then drove Gabriella to her maternal grandmother's house, where Gabriella stayed while petitioner went back to work. At her grandmother's house, Gabriella had dinner and was taken care of by her grandmother.

Petitioner testified that late at night after work he picked up Gabriella, and she returned with him to his residence on Bleeker Street.

Petitioner testified that he was the custodial parent of Gabriella. However, at trial petitioner attempted to introduce a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, which allegedly was completed by petitioner and Ms. Hernandez. In this form, petitioner and Ms. Hernandez acknowledged that she was the custodial parent in 2002 but was releasing her dependency exemption to petitioner. The Form 8332 was not attached to petitioner's Federal income tax return for 2002 and obviously was prepared in anticipation of trial.

Upon the basis of the record and taking into account inconsistencies in petitioner's testimony, petitioner has not persuaded the Court that Gabriella lived with him at the same principal place of abode for more than one-half of the taxable year. Therefore, we find that petitioner is not entitled to an earned income tax credit for the tax year 2002. Respondent's disallowance of an earned income tax credit is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.